(No. 1718—

Mose Lay, Claimant, vs. State of Illinois, Respondent.

*Opinion filed January 9, 1934.*

Durfee & Holmes, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

On February 14, 1931, the claimant, Mose Lay, filed his complaint herein, in which he alleges that prior to and on the 17th day of June, A. D. 1928 he was employed as a guard at the Southern Illinois Penitentiary at Menard, and further alleges that on said 17th day of June, 1928 he sustained a hernia as the result of an accident which arose out of and in

the course of his employment. It is not claimed that any compensation was received by the claimant, nor that any claim for compensation was made within six months after the accident.

The Attorney General has made a motion to dismiss on account of the fact that claim for compensation was not made within six months after the accident, and application for compensation was not made within one year after the date of the injury.

The same question was raised in the case of *Crabtree* vs. *State*, 7 C. C. R. 207, and was carefully considered in that case.

The jurisdiction of the Court of Claims in cases of this character is derived from Paragraph Six (6) of Section Six (6) of "An Act to Create the Court of Claims and to Prescribe its Powers and Duties", (Cahill's Revised Statutes, 1933, Chapter 37, Paragraphs 462-475) which provides that the Court of Claims shall have power "to hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employe of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called 'The Workmen's Compensation Act', the Industrial Commission being hereby relieved of any duty relative thereto."

This court held in the Crabtree case that the effect of the foregoing provision of Section 6 of the Court of Claims Act was to incorporate into the Court of Claims Act the terms and provisions of the Workmen's Compensation Act, so far as they may be applicable, and further held that it was necessary for every claimant who based his right to recover upon the provisions of the Workmen's Compensation Act, to allege and prove a compliance with the requirements of Section 24 of the Workmen's Compensation Act relative to making claim for compensation within six months after the accident, and filing application for compensation within one year after the accident or after the last payment of compensation; also that the aforementioned requirements of Section 24 of the Compensation Act are conditions precedent to the right to recover, and unless the claimant shows a compliance therewith, this court has no jurisdiction to proceed with the hearing.

The decision in the Crabtree case has been followed by this court in numerous cases decided since that time, and applies with equal force to this case, and an award must therefore be denied.

IT IS THEREFORE ORDERED that the motion to dismiss be sustained and the case dismissed.